PER CURIAM.
Appellant suffered personal injuries when a vehicle in which he was a passenger struck the exposed end of a guardrail located on State Road 820 under the Florida Turnpike overpass. The guardrail had been damaged by a previous accident. The Florida Department of Transportation had an ongoing contraction project to widen the turnpike at this location. The general contractor, State Paving Corporation, employed appellee, Mike Hunter, Inc., as a subcontractor for repair work on the turnpike’s guardrails. Appellant filed suit and alleged, among other things, that Mike Hunter, Inc. had negligently failed to maintain or repair the subject guardrail. Appel-lee moved for summary judgment and offered testimony that the guardrail was not within the scope of its work on the project and therefore it had no duty to effectuate the repair. Appellant offered conflicting evidence by an expert who, after a review of the contracts, depositions and project files, testified that appellee did have a duty to repair the damaged guardrail. The trial court granted summary judgment in favor of Mike Hunter, Inc.
We hold that genuine issues of material fact exist as to the scope of appellee’s work and appellee’s duties under the construction project. Accordingly, we reverse and remand this cause to the trial court for further proceedings. See Moore v. Morris, *729 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
REVERSED and REMANDED.
GLICKSTEIN, DELL and GARRETT, JJ., concur.